**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV397-02-MU
(3:93CR133-2-P)**

| | | |
|---|---|---|
| **BRODERICK GRAVES,** | ) | |
|     Petitioner, | ) | |
| | ) | |
|     v. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
|     Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on petitioner's "Motion To Vacate, Set Aside, Correct Sentence" under 28 U.S.C. §2255, filed August 12, 2004. For the reasons stated herein, the petitioner's Motion shall be <u>dismissed</u> as untimely filed.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

By the instant Motion to Vacate, counsel for the petitioner represents that on July 14, 1993, a Bill of Indictment was filed, charging the petitioner (and others) with one count of conspiracy to possess with intent to distribute cocaine base. Beginning February 14, 1994, the Court conducted a trial during which the petitioner took the stand and protested his innocence. Nevertheless, at the conclusion of that trial, the jury returned a guilty verdict against the petitioner.

Accordingly, on May 16, 1994, the Court held a Sentencing

Hearing for the petitioner. On that occasion, the Court reviewed the materials submitted by the U.S. Probation Office and the arguments raised by trial counsel. Thereafter, the Court determined, <u>inter alia</u>, that the petitioner's offense level was subject to enhancements due to the role which he played in the offense, and due to a finding that the petitioner had committed perjury during his testimony. Upon applying the subject enhancements, the petitioner was sentenced to a term of life imprisonment.

Following his Sentencing Hearing, the petitioner timely noted his appeal to the Fourth Circuit Court of Appeals. On appeal, the petitioner raised several claims, including that his sentence was unconstitutional, and that the government's proof was materially different from the charge which was set forth in the Indictment. However, in an unpublished opinion the Court of Appeals rejected all of the petitioner's claims, and affirmed his conviction and sentence. <u>See</u> <u>United States v. Graves</u>, No. 94-5541, slip op. at 4 (June 5, 1996). The petitioner did not seek any further direct review of his case.

Rather, after allowing more than eight years to pass, the petitioner has returned to this Court on the instant Motion to Vacate his sentence. By this Motion, newly retained <u>habeas</u> counsel advances a number of claims: 1) that the petitioner's conviction and sentence were obtained in violation of the holding

2

in United States v. Promise, 255 F.3d 150 (4th Cir. 2001)--that is, in violation of a decision which was rendered more than five years after the petitioner's conviction and sentence were entered; 2) that the trial court's jury instructions concerning the conspiracy charge were erroneous because they relied upon the holding from Pinkerton v. United States, 328 U.S. 640, 645 (1946); 3) that the petitioner's life sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment; and 4) that the petitioner's sentence was enhanced in violation of the recent decision of Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531 (2004).

Furthermore, in acknowledgment of the fact that this Motion was filed far beyond the 1-year limitations deadline, counsel for the petitioner also asserts that this Motion should not be deemed time-barred because application of the one-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") would constitute an unconstitutional suspension of the Writ of Habeas Corpus. While the undersigned appreciates counsel's great efforts to convince the Court that the petitioner's Motion is not time-barred, relevant legal precedent makes it clear that the petitioner's Motion has been filed well outside of the 1-year statute of limitations imposed under the "AEDPA"; and that such untimeliness cannot be excused. Consequently, the petitioner's Motion to Vacate must be dismissed

as untimely filed.[1]

## II. **ANALYSIS**

In 1996 Congress enacted AEDPA. Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate or correct. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] In Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), the Fourth Circuit stated that "when a federal habeas court, prior to trial, perceives a pro-se [petition or Motion to Vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Therefore, after Hill this Court routinely entered Orders allowing petitioners the opportunity to address any timeliness concerns when their pleadings failed to conclusively demonstrate timeliness and to set forth a sufficient explanation regarding those matters. Here, however, because Mr. Graves is represented by counsel who clearly was both aware that the instant Motion was subject to dismissal as untimely filed and, in fact, attempted to articulate a reason why this Motion should be construed as timely filed, the Court found that no further notice under Hill was required.

4

Here, the record makes clear, and counsel for the petitioner does not deny, that the petitioner's direct review was concluded on June 5, 1996, when the Fourth Circuit Court of Appeals entered an Order rejecting the petitioner's appeal. Therefore, the petitioner's conviction and sentence became final on or about September 5, 1996--that is, at the expiration of the 90-day period during which the petitioner could have filed a Petition for a Writ of Certiorari in the U.S. Supreme Court. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000) (noting that in the absence of a petitioner for a writ of certiorari being filed, the one-year limitation period begins ninety days after the appellate court's decision is rendered).

Nevertheless, in an effort to demonstrate that the instant Motion was timely filed, habeas counsel asserts that the one year statute of limitations imposed under the AEDPA is unconstitutional because it is "prohibited by the Suspension Clause." However, counsel has failed to cite a single case which has reached such a conclusion. Such omission is not surprising in light of the fact that neither the U.S. Supreme Court nor the Fourth Circuit Court of Appeals has reached the precise question of whether the statute of limitations provision of the AEDPA unconstitutionally suspends the Writ of Habeas Corpus.

However, the United States Supreme Court has concluded that the gatekeeping provisions of the AEDPA, which provisions limit a

5

petitioner's ability to bring successive challenges, do not unconstitutionally suspend the Writ.  See Felker v. Turpin, 518 U.S. 651, 664 (1996).  Similarly, the Fourth Circuit Court of Appeals has concluded that the provisions of the AEDPA, in general, do not impermissibly limit federal courts' power to enforce federal law.  Mueller v. Angelone, 181 F.3d 557, 572-73 (4th C ir. 1999).  In both Felker and Mueller, the Courts made a point of noting that the petitioners' right to pursue habeas corpus relief was not curtailed entirely--as would be prohibited by the Suspension Clause, but rather was limited in ways which were not inconsistent with that Clause.

Thus, in the instant case the Court concludes that the AEDPA's limitation on habeas filings does not violate the Suspension Clause--at least so far as this case is concerned.  This is so because the petitioner's right to bring a Motion to Vacate was not altogether curtailed, but merely limited.  Indeed, had he chosen to do so, the petitioner could have filed a Motion to Vacate raising his claims that the jury instructions were erroneous and his life sentence violates the Eighth Amendment prior to the expiration of his 1-year limitations period.  Moreover, this Court cannot conclude that the AEDPA's limitations provision constitutes an unconstitutional suspension of the Writ in this case simply because the petitioner cannot now avail himself of the recent decisions announced in Blakely and Promise.

6

Therefore, in light of his failure to have timely filed such action, the petitioner's Motion to Vacate must be <u>dismissed</u> as time-barred.

### III. <u>CONCLUSION</u>

The AEDPA requires, among other things, that Motions to Vacate under 28 U.S.C. §2255 be brought within one year of the event which triggers the commencement of the limitations period. In the case at bar, the petitioner has filed his Motion to Vacate far outside all conceivable limitations periods; therefore, his Motion must be summarily <u>dismissed</u> as time barred.

### IV. <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That the petitioner's Motion to Vacate, filed August 12, 2004, is **DISMISSED**; and

2. That the Clerk shall send copies of this Order to the petitioner, his attorney, and to the United States Attorney for the Western District of North Carolina.

**SO ORDERED.**

**Signed: June 13, 2005**

*[Signature]*

Graham C. Mullen
Chief United States District Judge